BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $28,580.00 IN U.S. CURRENCY,<br><br>APPROXIMATELY $30,000.00 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA SAFE DEPOSIT BOX 1481C, and<br><br>APPROXIMATELY $16,039.00 IN U.S. CURRENCY,<br><br>Defendants. | 2:10-cv-02763 JAM-EFB<br><br>**JOINT STATUS REPORT AND STIPULATION FOR STAY OF FURTHER PROCEEDINGS AND ORDER**<br><br>DATE: N/A<br>TIME: N/A<br>COURTROOM: #2, 15th Fl. |

Pursuant to this Court's Order Requiring Joint Status Report the plaintiff United States of America and claimants Sally Che, Tac Che, Sinh Ngo, and Pao Thao ("Claimants") submit the following report.

**A. NATURE OF THE CASE:**

Plaintiff contends that the defendant currency is the proceeds of marijuana trafficking and that it is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). Claimants

deny these allegations.

**B. PROGRESS IN THE SERVICE OF PROCESS:**

All known potential claimants to the defendant currency have been served, and the time for filing claims or answers by individuals receiving direct notice of this forfeiture action has expired.

However, it is possible (albeit unlikely) that others may file claims. Publication of the forfeiture on the government's website is now complete, but under Rule G (5)(a)(ii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions a person who did not receive direct notice of the forfeiture (e.g. by certified mail or personal service), but who sees the notice of forfeiture on the website, can file a claim as late as 60 days after the first day of publication on the government website. The first day of publication in this case was October 20, 2010; accordingly, other potential claimants have until December 20, 2010, to file claims.

**C. POSSIBLE JOINDER OF ADDITIONAL PARTIES:**

Plaintiff and claimants do not anticipate that there will be any additional parties, but it is possible that a person who sees the notice of forfeiture on the government website will file a claim and answer and will become a party.

**D. ANY EXPECTED OR DESIRED AMENDMENT OF PLEADINGS:**

The parties do not contemplate amending the pleadings.

**E. JURISDICTION AND VENUE:**

Jurisdiction is based on 28 U.S.C. §§ 1345 and 1355(a). Venue is based on 28 U.S.C. §§ 1355(b) and 1395, and 21 U.S.C. § 881(j).

**F. ANTICIPATED MOTIONS AND THE SCHEDULING THEREOF:**

Plaintiff intends to file a motion for summary judgment after the completion of discovery.

Claimants do not have discovery yet from plaintiff and have not decided which motions if any, might be appropriate.

The parties are requesting a stay of further proceedings (see below) and therefore suggest that motions not be scheduled at this time.

**G. ANTICIPATED DISCOVERY AND THE SCHEDULING THEREOF INCLUDING:**

**(1) what changes, if any, should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions. See Fed. R. Civ. P. 26(a)(1)(B)(ii).

In addition, the parties request that a stay of further proceedings be entered at this time until all proceedings in the related criminal case now pending in this Court against claimant Tac Che (U.S. v. Tac Che et al., 2:10-cr-00168 JAM) have concluded. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2), and 21 U.S.C. § 881(i). As explained above, the plaintiff contends that the claimants were involved in drug trafficking and that the seized funds are the proceeds of that trafficking.

If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth

Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant property, or waiving their Fifth Amendment right and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the plaintiff will be deprived of the ability to explore the factual basis for the claims they filed with this court.

In addition, claimants intend to depose, among others, the agents involved in this investigation. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to prosecute the pending criminal case.

The parties recognize that proceeding with this action at this time has potential adverse affects on the prosecution of the pending criminal case, and/or upon claimants' ability to prove their claim to the property and assert any defenses to forfeiture. For these reasons, the parties jointly request that this matter be stayed until all proceedings in the related criminal case are over. At that time the parties will advise the court whether a further stay is necessary.

**(2) the subjects on which discovery may be needed; when discovery should be completed; and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

As explained above the parties request a stay of further proceedings.

**(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;**

The parties do not request any changes in the discovery limitations imposed by Fed. R. Civ. P. 26(b)(2), 30, or 33.

**(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);**

As explained above the parties request a stay of further proceedings, including expert disclosure.

**H. FUTURE PROCEEDINGS, INCLUDING SETTING APPROPRIATE CUT-OFF DATES FOR DISCOVERY, LAW AND MOTION, AND THE SCHEDULING OF PRETRIAL AND TRIAL:**

| EVENT | DATE |
|---|---|
| Plaintiff to disclose experts | To be scheduled when stay lifted |
| Claimants to disclose experts | To be scheduled when stay lifted |
| Plaintiff to disclose rebuttal experts | To be scheduled when stay lifted |
| Discovery cutoff | To be scheduled when stay lifted |
| Last day to file dispositive motions | To be scheduled when stay lifted |
| Hearing on motions | To be scheduled when stay lifted |
| Final pretrial conference | To be scheduled when stay lifted |
| Jury trial | To be scheduled when stay lifted |

**I. APPROPRIATENESS OF SPECIAL PROCEDURES:**

None.

//

**J. ESTIMATE OF TRIAL TIME:**

The parties estimate three days for a jury trial.

**K. MODIFICATION OF STANDARD PRETRIAL PROCEDURES SPECIFIED BY THE RULES DUE TO THE RELATIVE SIMPLICITY OR COMPLEXITY OF THE ACTION OF PROCEEDINGS:**

None.

**L. WHETHER THE CASE IS RELATED TO ANY OTHER CASE, INCLUDING ANY MATTERS IN BANKRUPTCY:**

This case is related to United States v. Tac Che et al., 2:10-cr-00168 JAM. A Notice of Related Cases was filed on December 14, 2010.

**M. WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED:**

The parties do not believe a settlement conference is appropriate in this case.

**N. ANY OTHER MATTERS THAT MAY ADD TO THE JUST AND EXPEDITIOUS DISPOSITION OF THIS MATTER:**

None.

Date: December 16, 2010

BENJAMIN B. WAGNER
United States Attorney

By /s/ Kristin S. Door
KRISTIN S. DOOR
Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America

Dated: December 16, 2010

/s/Kenny N. Giffard
KENNY N. GIFFARD
(As authorized on 12/16/10
Attorney for claimants
Sally Che, Tac Che, Sinh Ngo, and
Pao Thao

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2).

Within 30 days after all proceedings in U.S. District Court in U.S. v. Tac Che, 2:10Cr00168 JAM, have concluded, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: 12/16/2010

/s/ John A. Mendez
JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE